# Third District Court of Appeal
## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1851
Lower Tribunal No. 24-11406-FC-04
_____


**Jose Sala,**
Appellant,

vs.

**Penelope Wood,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Victoria Del Pino, Judge.

Law Offices of Andre A. Rouviere, and Andre A. Rouviere, for appellant.

Lisa A. Baird, P.A., and Lisa A. Baird, for appellee.


Before MILLER, BOKOR and GOODEN, JJ.

PER CURIAM.

After a temporary judge suspended the Mother's timesharing on an emergency basis,[1] the assigned trial judge conducted a full evidentiary hearing. It gave both parties adequate notice of the hearing and an opportunity to be heard. Roberts v. Diaz, 343 So. 3d 156, 158 (Fla. 3d DCA 2022). It properly considered all evidence before it. See § 90.803(6), Fla. Stat. (2024); § 90.902(11), Fla. Stat. (2024). After carefully considering this evidence, the trial court restored timesharing between the parties. The order is supported by competent, substantial evidence. See Meyers v. Meyers, 295 So. 3d 1207, 1211 (Fla. 2d DCA 2020) ("Modification of timesharing by a trial court should be affirmed if the trial court's order is supported by competent substantial evidence."). Therefore, we affirm in all respects.

Affirmed.

---

[1] The Mother's attorney was not available for this emergency hearing and was not allowed to appear by phone by the temporary judge.